SUMMONS ISSUED

**CV 12 3780**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ JUL 31 2012 ★

LONG ISLAND OFFICE

JOHNSON, J.
J. ORENSTEIN, M.J.

RIVKA BERKOWITZ AND MENDEL BERKOWTIZ
on behalf of themselves and
all other similarly situated consumers

               Plaintiffs,

-against-

ASSET ACCEPTANCE, LLC

               Defendant.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiffs Rivka Berkowitz and Mendel Berkowtiz seek redress for the illegal practices of Asset Acceptance, LLC in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiffs involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Warren, Michigan.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Rivka Berkowitz and Mendel Berkowtiz*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

11. On many occasions within the past year, the Plaintiffs spoke to representatives from Asset Acceptance, LLC, and attempted to dispute the debt over the phone.

12. Defendant informed the Plaintiffs that they could not dispute the debt that was allegedly owed by Rivka Berkowtiz / Gelbstein, and that the Plaintiffs could not dispute the debt over the phone.

13. Defendant also informed the Plaintiffs that in order to dispute a debt, they needed to have documents proving a valid dispute and that the Plaintiffs would be required "to fax it to us and mail it to us."

14. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw. 2002); Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), Whitten v. ARS National Servs. Inc., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), Castro v. ARS National Servs., Inc., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Frey v. Satter, Beyer & Spires., 1999 WL 301650 (N.D. Ill. May 3, 1999), DeSantis v. Computer Credit, Inc., 269 f.3d 159 (2nd Cir. 2001), Mejia v. Marauder Corporation., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute).

The FDCPA allows the consumer to orally dispute a debt. Brady v. The Credit Recovery Company, Inc., 160 F.3d 64 (1st Cir. 1998). (The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time. Credit reporting constitutes an attempt to collect a debt.), See, e.g., Rivera v. Bank One., 145 F.R.D. 614, 623 (D.P.R. 1993). (A creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"), Matter of Sommersdorf., 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.), See. Rosado v. Taylor., 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated §

-3-

1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties. It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer.), See. Register v. Reiner, Reiner & Bendett, P.C., 488 F.Supp.2d 143 (D.Conn. 2007), Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, 464 F.Supp.2d 720 (N.D. Ohio 2006), Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D.Fla. 2006), Turner v. Shenandoah Legal Group, P.C., No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), Vega v. Credit Bureau Enters., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), Nasca v. GC Servs. Ltd. P'ship, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), Sambor v. Omnia Credit Servs., Inc., 183 F.Supp.2d 1234 (D.Haw. 2002), Sanchez v. Robert E. Weiss, Inc., 173 F.Supp.2d 1029 (N.D. Cal. 2001), Castro v. ARS Nat'l Servs., Inc., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), Ong v. Am. Collections Enter., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), Reed v. Smith, Smith & Smith, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), Harvey v. United Adjusters, 509 F.Supp.1218 (D.Or. 1981), Semper v. JBC Legal Group, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. The FDCPA does not give debt collectors the authority to determine unilaterally whether a dispute has merit.), Purnell v. Arrow Fin. Servs., LLC, 2007 U.S. Dist. LEXIS 7630, 2007 WL 421828 ( E.D. Mich.

Feb. 2, 2007). (The court stated "Congress has identified as harmful the failure to report a disputed debt as disputed, and, whatever the wisdom of that policy choice, Congress did not distinguish between communications that were intended and knowing as opposed to unintended and automatic. Indeed, the "directly or indirectly" language of Section 1692a(2) suggests that Congress saw no difference between the two. From the perspective of a consumer disputing a debt, it similarly matters not how it is that a dispute marker is lost. The harm inheres in the simple fact that information about an apparently undisputed debt in that person's name exists in the credit reporting industry, which can have untold negative consequences for people who engage in commerce."), Hoffman v. Partners in Collections, Inc., 1993 U.S. Dist. LEXIS 12702 (N.D. Ill. Sept. 13, 1993). (The court held that the FDCPA did not require that the consumer notify the agency of his basis for disputing the debt, or that any stated reason for the dispute had to be one that would relieve the consumer of any part of the liability for the debt. The complaint alleged that the consumer notified the collection agency that the debt was disputed and that the agency did not cease collection of the debt until it obtained verification of the debt. The complaint was sufficient to allege a violation of 15 U.S.C. § 1692g(b). The court also held that the complaint sufficiently alleged a violation of 15 U.S.C. § 1692e(8) by stating that the agency reported the disputed debt to credit agencies without disclosing that it had been disputed. The court noted that " There is no requirement that any dispute be "valid" for this statute to apply; only that there be a dispute." Failure to communicate a dispute whether or not valid will violate 15 U.S.C. § 1692e(8) for failure to communicate that a disputed debt is disputed.)

15. Upon information and belief, Asset Acceptance, LLC and its employees as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

16. Upon information and belief, Asset Acceptance, LLC and its employees when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

17. Upon information and belief, Asset Acceptance, LLC and its employees intentionally denied the Plaintiffs their dispute rights afforded to them under the FDCPA.

18. Upon information and belief, Asset Acceptance, LLC and its employees wrongfully stated to the Plaintiffs that they could not orally dispute the debt with the Asset Acceptance, LLC.

19. Upon information and belief, Asset Acceptance, LLC and its employees wrongfully stated to the Plaintiffs that they could only dispute a debt in writing.

20. Upon information and belief, Asset Acceptance, LLC and its employees wrongfully stated to the Plaintiffs that they must have a reason to dispute a debt.

21. Upon information and belief, Asset Acceptance, LLC and its employees by intentionally denying the Plaintiffs and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

22. The Asset Acceptance, LLC employees who spoke with Rivka Berkowitz and Mendel Berkowitz intended to speak the said words to the Plaintiffs.

23. The acts and omissions of Asset Acceptance, LLC and its employees done in connection

with efforts to collect a debt from the Plaintiffs were done intentionally and willfully.

24. Upon information and belief, Asset Acceptance, LLC and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

25. As an actual and proximate result of the acts and omissions of Asset Acceptance, LLC and its employees, Plaintiffs have suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendant.*

26. Plaintiffs re-state, re-allege, and incorporate herein by reference, paragraphs one (1) through twenty five (25) as if set forth fully in this cause of action.

27. This cause of action is brought on behalf of Plaintiffs and the members of a class.

28. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; and the Defendant denied the Plaintiffs the right to dispute the debt orally and required the Plaintiffs to provide documents proving a valid dispute.

29. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form telephonic are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

   (d) The claims of the Plaintiffs are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e) The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff interests are consistent with those of the members of the class.

30. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

33. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

34. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request that this Court enter judgment in their favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 30, 2012

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiffs request trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)